John Hurd and others, Appellants. — Judgment affirmed, with costs. Opinion by Learned, P. J.

Antoine Fox, Respondent, v. Benton Turner, Appellant. — Judgment affirmed, with costs, Opinion by Ingalls, J.

Charles Millbanks, Respondent, v. Solomon Coonley, Appellant. — Judgment reversed, with costs. Opinion by Learned, P. J.

William J. Butler, Respondent, v. Glens Falls S. H. and F. E. Street Railroad Company. Appellant. — Judgment and order affirmed, with costs. Opinion by Ingalls, J.

In the Matter of the Last Will and Testament of Sarah Lansing, Deceased. — Decree reversed, issues of fact ordered to be tried at the Schenectady Circuit, costs of appeal to abide final order of surrogate; order to be settled by Landon, J. Opinion by Landon, J.

Benjamin Harder, Appellant, v. The Rome, Watertown and Ogdensburg Railroad Company, Respondent. — Judgment affirmed, with costs. Opinion by Landon, J.

Henry N. Burhans and others, Respondents, v. Hugh Kelly and others, Appellants. — Judgment affirmed, with costs. Opinion by Learned, P. J.

George B. Ross, Respondent, v. Valentine Konor,

Appellant. — Judgment affirmed, with costs. Opinion by Ingalls, J.; Mem. by Learned, P. J.

Herman Plass and others, Respondents, v. Charles H. Housman and others, Appellants. — Judgment affirmed, with costs, with the usual leave to withdraw demurrer and answer on payment of costs, on opinion of the court below. Mem. by Learned, P. J.

In the Matter of Accounting of De Witt C. Dow, as Executor of Fanny S. Rich. — Decree of surrogate affirmed, with costs, against appellant. Opinion by Ingalls, J.

Constance B. Price, Appellant, v. De Witt C. Holman and others, executors, etc., and others, Respondents. — Judgment reversed, new trial granted, costs to abide event. Opinion by Ingalls, J.

Franz Schrowang, Jr., Respondent, v. Artemas Sahler, Appellant. — Judgment and order affirmed, with costs. Opinion by Landon, J.

Daniel Arff, Appellant, v. The Star Fire Insurance Company of the City of New York, Respondent. — Judgment affirmed, with costs. Opinion by Learned, P. J., and by Landon, J., dissenting.

Martin M. Miller, Respondent, v. Irving Magee, Appellant. — Judgment affirmed on opinion of Special Term, with costs.

---

## FOURTH DEPARTMENT, JULY TERM, 1888.

John Fahey, as Administrator, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant. — Judgment and order affirmed, with costs. Opinion by Follett, J.

Daniel N. Crouse, as Executor, etc., Respondent, v. Thomas Owens, Impleaded, Appellant.

Same v. Same. — Judgments and orders affirmed, with costs. Opinion by Hardin, P. J.

In the Matter of the Final Accounting of Walton McKinney, as Administrator of the Estate of Nellie Haas, Deceased; Milton P. Hass, Appellant. — Decree of surrogate affirmed, with costs. Opinion by Hardin, P. J.

Randall Wixson, Respondent, v. John N. Sebring, as Executor, Appellant. — Judgment affirmed, with costs. *Per Curiam:* "The opinion of the learned county judge very clearly shows that the appellant's exceptions to the ruling of the Justice's Court upon the admissibility of evidence were not well taken. In addition to the cases cited in the opinion, see *Townsend* v. *Brundage* (6 T. & C., 527; S. C., 4 Hun, 264.) The return shows that the case was submitted January 9, 1885, and that January 13, 1886, the justice rendered and entered judgment in his docket, but by mistake dated the entry January 14, 1886, and subsequently corrected the date. This was not error. The judgment is affirmed, with costs."

Joseph Esmond, Respondent, v. Lucia C. Kingsley, Appellant. — Judgment and order affirmed, with costs. Opinion by Martin, J. Mem. by Hardin, P. J.

Thomas C. Scott, Respondent, v. Charles T. Brown, Appellant, Impleaded, etc. — Judgment reversed on the exceptions and a new trial ordered, with costs to abide the event. Opinion by Hardin, P. J.

Albert C. Tenant, as Receiver, Respondent, v. George E. Guy and another, Appellants. — Judgment reversed on the exceptions and a new trial ordered before another referee, with costs to abide the event. Opinion by Martin, J.

Thomas Taylor, Jr., Appellant, v. Sidney M. Ballard and John Millard, Repondents. — Judgment of the County Court of Otsego county, affirming the judgment of the Justice's Court, affirmed, with costs. Opinion by Hardin, P. J.

J. Emmett Wells, as Executor, Respondent, v. The Town of Salina, Appellant. — Judgment affirmed, with costs, on the opinion of Kennedy J., delivered at Special Term. Mem. by Martin, J.

William D. Burrill, Appellant, v. James A. Becker, Respondent. — Judgment reversed on the exceptions and a new trial ordered before another referee, with costs to abide the event. Opinion by Hardin, P. J.

The National Butchers and Drovers' Bank, Appellant, v. Charles E. Hubbell, as Assignee, Respondent, Impleaded, etc. — Judgment affirmed, with costs, on the opinion of Merwin, J., delivered at a Special Term.

William Richards, Respondent, v. John Derrick, Appellant, Impleaded, etc. — Judgment of the County Court of Onondaga county affirming the justice's judgment affirmed, with costs. Opinion by Hardin, P. J.

John Fletcher, Respondent, v. Chauncey S. Butler, Appellant. — Judgment of the County Court of Oneida county reversed on the exceptions and a new trial ordered, with costs to abide the event. Opinion by Martin, J.

Hiram Copley, Respondent, v. Doran & Wright Company (Limited), Appellant, Impleaded. etc. — Judgment affirmed, with costs, and leave given to the defendant to answer on payment of costs of the demurrer and of this appeal within twenty days. Opinion by Hardin, P. J.

Francis E. Steele, Respondent, v. Robert Gunn and others, Milton Ballard, Referee, Appellant. — Judgment affirmed, with ten dollars costs and disbursements. Opinion by Martin, J.

James Stevens and others, Respondents, v. George Clarke and others, Appellants. — Order reversed, with ten dollars costs and disbursements. *Per Curiam:* "This is not a 'difficult and extraordinary case where a defense has been interposed,' but is 'an action brought to foreclose a mortgage upon real property,' in which the judgment was rendered by default. The estate of the mortgagor is largely insolvent, and is being administered by an assignee for the benefit of creditors. There are many large liens subsequent to the plaintiff's, and the mortgagor owes a large amount of unsecured debts which must be paid, if at all, out of the